AMYX et ux. v. HOWERTON et al.

No. 9174.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 22, 1933.

Rehearing Denied Jan. 10, 1934.

Roy Buckley and G. F. Dohrn, both of Mission, for appellants.

Brown & Bader, of Edinburg, for appellees.

MURRAY, Justice.

This is a suit for the rescission of a contract wherein appellant C. B. Amyx transferred a house and lot situated in McAllen, Hidalgo county, to J. V. Howerton; the consideration being ten shares of stock of the Central State Bank of Abilene, Tex.

Rescission was sought on the grounds that Howerton had perpetrated a fraud upon appellant, in that he represented this stock to be worth $1,800, when as a matter of fact it was worthless. It was alleged by appellant that appellee had represented to him that this stock was worth 1.82 on the dollar, that there was on hand in the bank $33,000 in undivided profit, and that he had spent five years in cleaning the bank out and that he knew it was clean. It was shown that appellee Howerton was vice president of the bank.

The negotiations for this trade began in August, 1930, and were closed in October, 1930. The bank closed its doors in April, 1931. One E. G. Utzman was the real estate agent that negotiated the deal.

It is further shown from the record appellee disclosed to appellant that his statement that the stock was worth $1,800 was based upon the bank statement, a copy of which he furnished to appellant, and the further fact that said statement valued the bank building at only $50,000, when they could sell it for $100,000. The only evidence tending to show these statements were false was the failure of the bank in April, 1931, and the depositions of the president and cashier to the effect that they realized in October that due to crop failures the bank was getting into a shaky condition, and unless something happened they would be forced to liquidate. They further testified that the reason the bank had to close was that they were out of money. They also testified that they did not have any money during 1930 out of which to pay dividends.

Appellee admitted that he saw the bank statement and was able to read and understand it. This being true, he could not have been misled by appellant's statement about dividends, as this statement did not show any dividends, but only a surplus of $33,000.

It appears to us that the representations made by appellee were mere expressions of opinions based upon the bank statement and other facts in the possession of both parties. The evidence was insufficient to establish actionable fraud, and the trial court properly instructed a verdict for appellee.

Affirmed.